UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROSE RODRIGUEZ-RABIN,

    Plaintiff,

v.                                         Case No.  5:24-cv-58-TKW-MJF

UNITED STATES OF AMERICA,

    Defendant.
    _____/

## REPORT AND RECOMMENDATION

In this *pro se* civil action, Plaintiff Rose Rodriguez-Rabin sued the Federal Government under the Federal Torts Claim Act to recover for injuries she sustained as a prisoner while working in a federal prison. Defendant moves to dismiss. Doc. 25. Although the undersigned afforded Plaintiff an opportunity to respond, Plaintiff did not do so. Because the Inmate Accident Compensation Act is the exclusive remedy available to federal inmates for work-related injuries, the District Court lacks jurisdiction and must grant the Defendant's motion to dismiss.

### BACKGROUND

At all relevant times, Plaintiff was a prisoner in the custody of the Bureau of Prisons and resided at Federal Correctional Institution

Marianna, Women's Satellite Camp. Doc. 11 ¶ 2. On May 20, 2024, Plaintiff filed an amended complaint asserting a claim of negligence under the Federal Tort Claims Act. Doc. 11. In support of her claim, Plaintiff alleged the following:

- On February 3, 2022, Bureau of Prison staff assigned Plaintiff to work in the kitchen at FCI Marianna, Men's Prison.

- Water had accumulated on the kitchen floor, and prison staff neglected to warn Plaintiff of the danger this created.

- Plaintiff slipped and fell because of the water.

Doc. 11 ¶¶ 4–6.

## DISCUSSION

**A.**   **Motion to Dismiss Standard**

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) may raise a factual or facial attack. *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990)); *see Douglas v. United States*, 814 F.3d 1268, 1274–75 (11th Cir. 2016). A facial attack, like Defendant's attack here, "challenges whether a plaintiff 'has sufficiently alleged a basis for subject matter jurisdiction,

and the allegations in [the] complaint are taken as true." *Kennedy*, 998 F.3d at 1230 (quoting *Lawrence*, 919 F.2d at 1529).

## B.     The District Court Lacks Jurisdiction over Plaintiff's Claim

The United States generally is immune from suit unless Congress has unequivocally waived that immunity. *Lane v. Pena*, 518 U.S. 187, 192 (1996); *Shivers v. United States*, 1 F.4th 924, 928 (11th Cir. 2021) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)); *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015). The Inmate Accident Compensation Act (IACA) authorizes the United States to pay "compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). The federal regulations implementing the IACA provide that such compensation "may be awarded to former federal inmates or their dependents for physical impairment or death resultant from injuries sustained while performing [prison] work assignments . . . ." 28 C.F.R. § 301.101(a). Furthermore, the IACA specifically excludes inmates from recovering under the FTCA for work-related injuries: "Inmates who are subject to the provisions of these Inmate Accident Compensation

Regulations are barred from recovery under the Federal Tort Claims Act." 28 U.S.C. § 391.319 (citing *United States v. Demko*, 385 U.S. 149, 154 (1966)). Thus, the 'inmate accident compensation system as set forth in 18 U.S.C., § 4126 is the exclusive means of recovery for a prison-employee's work-related injuries." *Thompson v. United States*, 495 F.2d 192, 193 (5th Cir. 1974) (citing *Demko*, 385 U.S. at 154); *Aston v. United States*, 625 F.2d 1210, 1211 (5th Cir. Unit B 1980) (per curiam) (concluding the IACA is "the sole remedy against the government where the injury is work-related.").

Here, taking Plaintiff's allegations as true, she was injured while on a prison work assignment. Plaintiff's sole remedy, therefore, is the IACA not the FTCA. Therefore, the District Court should grant Defendant's motion to dismiss.

## Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court

1. **GRANT** Defendant's motion to dismiss, Doc. 25.

2. **DISMISS** this civil action without prejudice for lack of subject-matter jurisdiction.

3.  **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 25th day of August 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**